

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2004

# Slovak v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4533

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Slovak v. Comm Social Security" (2004). *2004 Decisions.* Paper 62.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/62

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-4533

_____

SANDRA SLOVAK,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-01361)
District Judge: Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 27, 2004

Before: ROTH, BARRY and GARTH, <u>Circuit Judges</u>

(Opinion filed: December 17, 2004)

_____

OPINION

_____

**ROTH**, <u>Circuit Judge</u>:

This case is an appeal of the decision of the Commissioner of the Social Security

1

Administration to deny Sandra Slovak's claim for Social Security Income (SSI) based on a disability. We have jurisdiction over this appeal from the District Court's final order awarding summary judgment to the Commissioner pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). The detailed history and facts of the case are presented in the District Court's opinion, Slovak v. Barnhart, No. 02-1361 (W.D.Pa. filed September 22, 2003), and will only be summarized here. At issue in this appeal is whether substantial evidence supports the decision that Slovak is not entitled to SSI because she is not so functionally limited as to preclude her performance of unskilled, medium jobs.

Our review of the District Court's order is plenary, but we may reverse the grant of summary judgment to the Commissioner only if we conclude that the Administrative Law Judge's (ALJ) findings were not supported by substantial evidence. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is that evidence that "a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (internal citations omitted).

The disability standard requires evidence of a medically determinable impairment that is so severe as to prevent an individual's performance of any substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(1)(A). Slovak claims that she suffers from thrombophlebitis, vein inflamation in her leg stemming from a 1973 injury, which constitutes a severe impairment and precludes her from working. At the hearing, the ALJ determined that although Slovak's condition was a severe impairment, it

2

was not a listed impairment as determined by the applicable regulations and, in addition, Slovak retained the capacity to perform medium work. See 20 C.F.R. § 416.967(c). This determination was based, *inter alia*, on the medical opinion of Dr. John Gaydos, a consultative physician whose 2000 examination of Slovak diagnosed her with a history of thrombophlebitis, ulcer disease, and anxiety, but did not find that she was currently functionally limited. The ALJ also considered a letter from Dr. John A. Carter, Slovak's treating physician, who found Slovak to be permanently disabled, but did not provide any objective medical findings such as lab tests or treatments. See 20 C.F.R. § 416.927(d)(2). The ALJ further found that Slovak's subjective complaints of pain were not entirely credible and that there were a significant number of jobs in the economy that Slovak could perform. See 20 C.F.R. § 416.920. The ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g).

Slovak then filed a complaint in the U.S. District Court for the Western District of Pennsylvania seeking to overturn the ALJ's decision. The District Court found that substantial evidence supported the ALJ's decision and granted summary judgment for the Commissioner. Slovak now argues to this Court that the ALJ's decision improperly rejected Dr. Carter's conclusions and that the ALJ's finding regarding Slovak's ability to perform jobs was in error.

The decision of the ALJ that Slovak was not entitled to SSI is supported by substantial evidence. In determining that Slovak did not meet a listed impairment and

3

that she could perform medium work, the ALJ properly evaluated the medical evidence, which was both thorough and clear, in accordance with regulations. The decision that Dr. Carter's conclusions were outweighed by the other record medical evidence is supported by substantial evidence, namely the opinion of Dr. Gaydos, the consultative evaluation of Dr. Ralph E. Landafeld, the residual functional capacity assessment performed by a state agency physician, and the testimony of Slovak.

In addition, the ALJ's finding that Slovak's subjective allegations of pain were not supported by the evidence and not fully credible was based on a reasonable assessment of the evidence, including an evaluation of her medical evaluations and testimony regarding her daily activities. Finally, the ALJ properly applied the applicable guidelines to determine that Slovak could perform a significant number of unskilled, medium jobs in the national economy notwithstanding her medical condition. See 20 C.F.R. § 416.920. This determination was supported by the medical evidence, noted above, showing that Slovak had functional capacity as well as Slovak's own testimony regarding her daily activities.

Thus, because the decision of the ALJ is supported by substantial evidence, the District Court's grant of summary judgment for the Commissioner will be affirmed.